UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LOUP LOGISTICS COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 17 C 9045 |
| v. | ) |
| | ) Judge Sara L. Ellis |
| WINDSTAR, INC., | ) |
| | ) |
| Defendant. | ) |

## ORDER

The Court grants Plaintiff Loup Logistics Company's motion to dismiss Defendant Windstar, Inc.'s counterclaim [16]. See Statement for further detail.

## STATEMENT

Plaintiff Loup Logistics Company ("Loup Logistics") filed suit against Defendant Windstar, Inc. ("Windstar") for an unpaid bill. In response, Windstar filed a counterclaim against Loup Logistics alleging breach of contract. Loup Logistics now moves to dismiss the counterclaim. Because Windstar's claim does not state a cause of action for breach of contract, the Court grants Loup Logistics' motion to dismiss the claim.

Windstar is a motor carrier that ships freight via rail.[1] It contracted with a logistics company, Streamline, to arrange for it to transport some of Windstar's freight. The counterclaim identifies Loup Logistics as a successor in interest to Streamline. "Prior to arranging for the transportation of any freight or cargo, [Windstar] would select proper mode, destination, rate and time for delivery." Doc. 14 at 19, ¶ 8. Streamline would then agree to these terms and issue a waybill for the shipment with instructions for where Windstar should deliver the shipment. Windstar would then deliver the shipment where directed. However, "[m]any of the shipments were delayed and not delivered within the time period requested and agreed upon." *Id.* at 19, ¶ 11.

"When considering a motion to dismiss a counterclaim, a court employs the same standard that applies to claims in the main complaint." *Cincinnati Specialty, Underwriters Ins. Co. v. DMH Holdings, LLC*, No. 3:11-CV-357, 2013 WL 683493, at *2 (N.D. Ind. Feb. 22,

---

[1] The facts in this Statement are taken from Windstar's counterclaim and are presumed true for the purpose of resolving Loup Logistics' motion to dismiss. *See Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011); *Local 15, Int'l Bhd. of Elec. Workers, AFL-CIO v. Exelon Corp.*, 495 F.3d 779, 782 (7th Cir. 2007). In considering Loup Logistics' motion to dismiss, the Court is limited to the face of the counterclaim—it may not consider the allegations of the underlying complaint. *Terrell v. Childers*, 889 F. Supp. 311, 314 (N.D. Ill. 1995).

2013) (citing *Cozzi Iron & Metal, Inc. v. U.S. Office Equip., Inc.*, 250 F.3d 570, 574 (7th Cir. 2001)). A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the counterclaim, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded facts in the counterclaim and draws all reasonable inferences from those facts in the counter-plaintiff's favor. *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). To survive a Rule 12(b)(6) motion, the counterclaim must not only provide the counter-defendant with fair notice of a claim's basis but must also be facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

To successfully plead a breach of contract claim under Illinois law,[2] Windstar must allege: "(1) the existence of a valid and enforceable contract; (2) substantial performance by the plaintiff; (3) breach of contract by the defendant; and (4) resultant injury to the plaintiff." *Avila v. CitiMortgage, Inc.*, 801 F.3d 777, 786 (7th Cir. 2015).

As an initial matter, Loup Logistics' argument that a contract must be attached to the complaint or counterclaim to sufficiently give the defendant (or counter-defendant) proper notice of the claims against it misstates federal law. Loup Logistics cites an old, unreported case for this prospect.[3] *See Allstate Fin. Corp. v. Util. Trailer of Ill., Inc.*, No. 92 C 3477, 1992 WL 245525, at *1 (N.D. Ill. Sept. 22, 1992). Many other courts in this district have since clarified this issue. *See, e.g., Hales v. Timberline Knolls, LLC*, No. 15 C 2622, 2017 WL 25174, at *8 (N.D. Ill. Jan. 3, 2017) ("[Plaintiff] is not procedurally required to attach the contract to state a claim for breach."); *Mitchell v. United Med. Sys., Inc.*, No. 10 C 6273, 2011 WL 1526985, at *5 (N.D. Ill. Apr. 20, 2011) (same); *Arnold v. Janssen Pharmaceutica, Inc.*, 215 F. Supp. 2d 951, 962 (N.D. Ill. 2002) (same). Windstar is not procedurally required to attach the contract to state a claim for breach in this Court.

However, Windstar does need to sufficiently identify the contract it alleges that Streamline breached in order to put Loup Logistics on notice of the contractual duty it breached, and Windstar does not. The counterclaim never specifies the contract between the two parties. In its response, Windstar argues that each time "Windstar would select the mode, destination, rate and time for delivery . . . constituted an agreement as to the terms of the shipment." Doc. 22 at 3. But even taking that into account, it does not clarify which of these agreements Windstar alleges that Streamline (and through Streamline, Loup Logistics) breached. Although it is not explicit in the counterclaim, the Court presumes that Windstar intends its assertion that "[m]any of the shipments were delayed and not delivered within the time period requested and agreed

---

[2] Although the counterclaim does not specify, the parties do not dispute that the agreements at issue in this breach of contract claim are governed by Illinois law.

[3] In its reply brief, Loup Logistics also cites *Avila* for the notion that plaintiffs must attach a contract to their claim in order to successfully plead a breach of contract claim. Doc. 24 at 2 (citing 801 F.3d at 786). The Court presumes this is an incorrect paste from Loup Logistics' initial brief because it finds no reference to this issue in *Avila*.

upon" to constitute the breach it alleges. This implies that only some of the shipment agreements are at issue in this counterclaim, yet Windstar does not identify which ones. This is not enough to sufficiently identify which valid and enforceable contract (or contracts) is at issue here. *See Montgomery v. Scialla*, No. 15-cv-10840, 2017 WL 3720178, at *5 (N.D. Ill. Aug, 29, 2017) ("A claim for breach of contract must allege enough facts to put [a defendant] on notice of the 'contractual duty' it breached." (internal quotation marks omitted)).

Further, Windstar never actually alleges that late or missing shipments would cause a breach of these agreements. And although Windstar alleges that it delivered the shipments to the location Streamline directed for delivery of the shipments, Windstar does not allege that this constituted substantial performance by Windstar of its end of the contract. There simply is not enough information in the counterclaim to sufficiently put Loup Logistics on notice of the claims against it. Windstar may replead its counterclaim, and if it chooses to do so, it should review the elements required to properly plead a breach of contract claim and fill in the necessary details.

Date: October 30, 2018                                         /s/ Sara L. Ellis